UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNETTE M.,

        Plaintiff,

       v.                                  **DECISION AND ORDER**
                                                19-CV-6845S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.       Plaintiff Annette M.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since June 5, 2016, due to a number of medical conditions, including atrial fibrillation, asthma, arthritis, hypertension, and obesity. Plaintiff contends that that she is entitled to disability benefits because her impairments render her unable to work.

        2.       Plaintiff filed an application for disability benefits on August 15, 2016, which the Commissioner denied on October 3, 2016. Plaintiff thereafter requested a hearing before an ALJ. On September 18, 2018, ALJ Dale Black-Pennington held a video hearing at which Plaintiff appeared with counsel and testified. Vocational Expert Salvatore Garozzo also testified. At the time of the hearing, Plaintiff was 51 years old, with a high school education and past work experience as a housekeeper and cashier. The ALJ considered the case *de novo* and, on November 15, 2018, issued a written decision denying Plaintiff's application for benefits. The Appeals Council denied Plaintiff's request

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

for review on September 18, 2019.  Plaintiff filed the current action on November 15, 2019, challenging the Commissioner's final decision.[2]

3.	On April 10, 2020, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure.  (Docket No. 9.)  On July 17, 2020, the Commissioner filed a Motion for Judgment on the Pleadings.  (Docket No. 12.)  Plaintiff filed a reply on July 31, 2020.  (Docket No. 13.)  The case was assigned to this Court on October 6, 2020, at which time the motions were taken under advisement without oral argument.  (Docket No. 14.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.	A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).   Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[2] The ALJ's November 15, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 404.1520. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age,

3

> education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

      8.      Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

      9.      In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 5, 2016, the alleged onset date (R. at 17);[3] (2) Plaintiff's atrial fibrillation, asthma, arthritis, DeQuervain's tenosynovitis, hypertension, history of hiatal hernia, and obesity are severe impairments within the meaning of the Act (R. at 18); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the

---

[3] Citations to the underlying administrative record are designated as "R."

impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 18); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b), with certain exceptions[4] (R. at 18-21); (5) Plaintiff could not perform her past relevant work (R. at 22); and (6) Plaintiff could alternatively perform jobs that exist in significant number in the national economy (R. at 22-23). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from June 5, 2016, through November 15, 2018. (R. at 16, 23.)

  10. Plaintiff maintains that remand is required because the ALJ's RFC determination is not supported by substantial evidence. She argues that because the ALJ erroneously relied on the vague and stale opinion of the consultative examiner, no medical opinion supports the RFC determination. This, according to Plaintiff, leaves the RFC conclusion impermissibly based on nothing more than the ALJ's own lay interpretation of bare medical evidence. In response, the Commissioner refutes Plaintiff's arguments and maintains that substantial evidence supports the ALJ's RFC determination.

  11. RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2). It is the claimant's burden to demonstrate limitations that preclude any substantial gainful activity. See 42 U.S.C. § 423 (d)(5)(A); 20 C.F.R. §§ 404.1512 (a), 404.1545 (a)(3); see also Bowen, 482 U.S. at 146 n.5 (describing burdens). In determining whether this burden

---

[4] The ALJ found that Plaintiff retained the RFC for light work, except that Plaintiff can lift or carry up to 10 pounds frequently and up to 15 pounds occasionally; can sit for six hours in an 8-hour work day; can stand or walk for six hours in an 8-hour work day; requires the ability to alternate sitting to standing or walking as needed; and must avoid concentrated exposure to dust, fumes, smoke, odors, gases, poor ventilation, chemicals, temperature extremes, and other known respiratory irritants. (R. at 18-19.)

is met, the ALJ assesses the claimant's RFC based on all the relevant medical and other evidence in the record.  See 20 C.F.R. § 404.1545 (a)(1).  Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations.  See 20 C.F.R. § 404.1513 (a)(1)-(5).

12. Medical opinion evidence is therefore just one subset of the type of evidence the ALJ must consider in reaching an RFC determination.  But it is an important subset because "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence."  See Wilson v. Colvin, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015).  "Thus, even though the Commissioner is empowered to make the RFC determination, where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities, the general rule is that the Commissioner may not make the connection himself."  Williams v. Berryhill, 16-CV-283G, 2017 WL 1370995, at *3 (W.D.N.Y. Apr. 17, 2020) (citing Wilson, 2015 WL 1003933, at *21) (quotations and alterations omitted).

13. Here, the ALJ determined that Plaintiff could perform light work with specified limitations.  (R. at 18-21.)  To be considered capable of performing light work, an individual must generally have the substantial ability to lift 20 pounds or less at a time, frequently lift or carry objects weighing up to 10 pounds, walk or stand a good deal, and push and pull arm or leg controls while seated.  See 20 C.F.R. § 404.1567 (b).  To account for Plaintiff's specific functional limitations, the ALJ further restricted Plaintiff's RFC to lifting or carrying up to 10 pounds frequently and up to 15 pounds occasionally;

sitting, standing, or walking six hours in an 8-hour workday; sitting, standing, or walking alternatively, as needed; and avoiding exposure to respiratory irritants. (R. at 18-19.)

14. The ALJ reached this determination after thoroughly reviewing and evaluating the record evidence. First, the ALJ found that Plaintiff's work history and daily activities supported the RFC determination. From the time of her application through March 2017, Plaintiff worked as a hotel housekeeper cleaning rooms five hours per day, five days per week. (R. 151-52, 170, 190, 505, 515, 1304, 1314.) From April 2017 through the date of the hearing, Plaintiff worked as a cashier, first at Tops Market and then at Byrne Dairy, a convenience store. (R. at 35, 37, 213, 225-26.) At the time of the hearing, Plaintiff was working as a cashier up to 36 hours per week, a position that the Vocational Expert classified as a light exertional job. (R. at 19, 35, 55, 213.) In addition, Plaintiff's regular activities included attending to her own personal care, driving, working, shopping, cooking, cleaning, and doing laundry on a regular basis. (R. at 19-20, 34-36, 44, 45, 178-181, 187.)

15. Second, the ALJ found that the medical evidence of record supported the RFC determination. In particular, the ALJ found that Plaintiff's treatment records showed effective management of her conditions through conservative treatment and medication. (R. at 20.) This included effective treatment for her cardiac conditions and asthma. Id. And the ALJ found no evidence of any significant obesity-related complaints or limitations beyond those accounted for in the RFC limitations. (R. at 21.)

16. Third, the ALJ found that the medical opinion evidence supported the RFC determination. In that regard, the ALJ afforded great weight to the opinion of Dr. Harbinder Toor, a consultative examiner. (R. at 21.) Dr. Toor examined Plaintiff on

September 23, 2016, approximately two years before the ALJ hearing.  (R. at 560-563.) He opined that Plaintiff had "mild to moderate" limitations on bending, lifting, standing, walking, and running, and should avoid irritants that could aggravate her asthma.  (R. at 563.)  Although noting that use of the term "moderate" was somewhat vague, the ALJ nonetheless gave great weight to Dr. Toor's assessment as it was consistent with the medical record as a whole.  (R. at 21.)

17.  Plaintiff's arguments for remand center around the ALJ's reliance on Dr. Toor's opinion.  Plaintiff first argues that Dr. Toor's use of the descriptor "mild to moderate" rendered his opinion impermissibly vague.  Use of such terms, however, does not necessarily render a medical opinion vague.  See Jeffrey A. v. Comm'r of Soc. Sec., 18-CV-1473, 2020 WL 1234867, at *7-8 (N.D.N.Y. Mar. 13, 2020) (collecting cases).  For example, such an opinion is not impermissibly vague where the conclusions are well supported by an extensive examination, see, e.g., Waldau v. Astrue, No. 5:11-CV-925 (GLS), 2012 WL 6681262, at *4 (N.D.N.Y. Dec. 21, 2012) (finding consultative examiner's findings of "moderate" physical limitations well supported by his findings regarding plaintiff's gait, range of motion in extremities, grip strength, and finger dexterity), or when the allegedly vague language is rendered "more concrete" by other facts and evidence in the record, see, e.g., Antoine T. v. Comm'r of Soc. Sec., 18-CV-232 (CFH), 2019 WL 2327937, at *10 (N.D.N.Y. May 31, 2019) (finding vague limitations in consultative opinion were made "more concrete" by the ALJ's analysis of the remaining opinion and other evidence); Sweeting v. Colvin, No. 12-CV-917 (DNH/CFH), 2013 WL 5652501, at *8 (N.D.N.Y. Oct. 15, 2013) (rejecting the plaintiff's contention that consultative examiner's use of the term "moderate" was vague where the consultative examiner made specific

8

findings based on physical examination of the plaintiff). In short, use of descriptors such as "mild" and "moderate" may not be impermissibly vague if the ALJ is reasonably able to glean their meaning from other evidence in the record. See Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *8 (N.D.N.Y. Jan. 11, 2021) (finding that consultative examiner "provided sufficient information for the ALJ to understand his use of the term "moderate").

18.     Here, Dr. Toor's findings, together with the other evidence of record identified above, provided the ALJ sufficient information to understand Dr. Toor's use of the "mild to moderate" descriptor. Dr. Toor physically examined Plaintiff and found that she was in no acute distress, had normal gait, could walk on heels and toes without difficulty, could squat fully, had normal stance, used no assistive devices, needed no help changing for the exam, and had only slight difficulty getting on and off the examination table. (R. at 561.) He found Plaintiff's heart to be in regular rhythm, with no murmur, gallop, or rub audible. (R. at 562.) Dr. Toor further found Plaintiff's chest, lungs, and abdomen to be largely normal. Id. Further, Dr. Toor performed a full musculoskeletal exam and set forth his findings concerning Plaintiff's flexion and range of motion in her spine, shoulders, elbows, hips, knees, and ankles. Id. He found 5/5 strength in Plaintiff's upper and lower extremities, as well as 5/5 grip strength bilaterally, with intact hand and finger dexterity. Id. With such findings bringing clarity to Dr. Toor's opinion, Plaintiff's argument that the opinion is impermissibly vague is rejected. See Josua S., 2021 WL 105769, at *8.

19.     Plaintiff next argues that the ALJ erred by relying on Dr. Toor's opinion because it was stale, having been rendered two years before the hearing. Medical

opinions, if stale, may not constitute substantial evidence. See Camille v. Colvin, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015) (citing Griffith v. Astrue, No. 08-CV-6004 CJS, 2009 WL 909630, at *9 n.9 (W.D.N.Y. July 27, 2009)).  An opinion may be stale if it is based on an incomplete record or does not account for a claimant's deteriorating condition. See Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 469-70 (W.D.N.Y. 2018).  But "a medical opinion is not necessarily stale simply based on its age." Id. at 470.  An older opinion may thus constitute substantial evidence if it is consistent with the record as a whole. See id.; see also Andrews v. Berryhill, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (finding that ALJ did not err by relying on older opinions where there was no evidence of significant deterioration in the plaintiff's condition); Camille, 104 F. Supp. 3d at 344 (finding that medical opinion was not impermissibly stale because evidence in the record before and after the opinion demonstrated substantially similar limitations and findings).

20. Here, Dr. Toor's opinion is consistent with the record as a whole, and Plaintiff's condition did not significantly worsen in the two years between the opinion and the hearing.  Plaintiff's conditions, of course, persisted, and she correctly points out that she received additional medications and experienced additional symptoms.  But there is nothing in the record to suggest that Plaintiff's condition deteriorated to such a degree that Dr. Toor's opinion became stale.  As noted, Plaintiff was working 36 hours per week as a cashier at the time of the hearing and continued to engage in significant activities of daily life.  Since the overall record evidence is consistent with Dr. Toor's opinion, it is not impermissibly stale, and this argument is therefore rejected.

21. Plaintiff's final argument—that the ALJ impermissibly based her RFC determination on her own lay interpretation of bare medical evidence—is not borne out by the record, as this Court finds no error in the ALJ's reliance on Dr. Toor's medical opinion. This argument is therefore similarly unpersuasive.

22. Consequently, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error in the ALJ's determination. The decision contains an adequate discussion of the medical evidence supporting the ALJ's determination that Plaintiff was not disabled, and Plaintiff's aforementioned contentions are unavailing. Plaintiff's motion for judgment on the pleadings is therefore denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:     January 26, 2021
           Buffalo, New York

                              s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge